NO. 3089

1. Under Senate Bill 427, 46th Legislature, where a department or division of a department is provided with a specific item of appropriation for "traveling expenses," the amount thus provided represents the maximum which may be spent for that purpose by the department or division of department.

2. Where a department or division of a department is not provided specifically with an item for "traveling expenses," but such department or division of a department is provided with an item of appropriation for "contingent expenses," the item for "contingent expenses" may be used to defray the traveling expenses of the department or division of a department; but in such event, the sum provided for "contingent expense" represents the maximum amount available for traveling expenses of the department or division of the department, and when such amount has been expended, whether for traveling expenses or for other expenses properly payable out of such item, no other funds from any source may be spent by the department or division of the department for traveling expenses.

Conclusions 1 and 2 do not apply to the "field travel expense of the State Highway Department" because the travel expense rider above quoted especially excepts this item from its operation. Nor do they apply to appropriations of the type of the Game, Fish and Oyster Commission, where the special riders appended to these appropriations, which control the general insofar as they conflict, permit the use of the appropriated surplus and excesses in particular items "to supplement the performance of any purpose for which money is herein appropriated" except salaries.

OFFICE OF THE ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts.
Austin, Texas

Dear Sir:

Opinion No. O-1294
Re: Limitation on the use of funds appropriated to a department for "traveling expenses," under the terms of the rider appended to S. B. 427, Acts 46th Legislature, Regular Session.

Since releasing Conference Opinion No. 3082, this Department, upon its own motion, has subjected the provisions of the Departmental Appropriation Bill passed by the 46th Legislature, particularly relating to expenditures for traveling expenses, to an intensive study and re-examination.

The general rider appended to Senate Bill 427, Acts of the 46th Legislature, Regular Session, provides in part as follows:

"Except as to field travel expense of the High-
way Department, it is provided that no expenditure
shall be made for traveling expenses by any depart-
ment of this State in excess of the amount of money
itemized herein for said purpose. This provision
shall be applicable whether the item for traveling
expenses is to be paid out of the appropriation from
the General Fund, from fees, receipts or special
funds collected by virtue of certain laws of this
state, or from any other funds (exclusive of Federal
funds) available for use by a department."

It is clear from the above provision, of course, that
where specific provision is made for the traveling expenses of
a department or division of a department, as "Traveling expenses
..... $8,000.00," such amount of money is all that may be ex-
pended for such purpose by such department or division of a
department, and the amount thus provided may not be supplement-
ed from any source, save, of course, from Federal funds auth-
orized by the Federal Government to be devoted to such purpose.

Does this provision, however, reflect the legislative
intent that, in the absence of such a specific item of appro-
priation for "traveling expenses," no expenditure shall be made
for that purpose out of funds provided for the various expendi-
tures of a department or division of a department for which
specific provision by itemization has not been made?

In several instances in the departmental appropria-
tion bill we find that the Legislature has not provided express-
ly and separately for "traveling expenses" of a department or
division of a department, but has, under the heading "Mainten-
ance and Miscellaneous," provided a lump sum for "Contingent
Expenses." This department has heretofore held that the appro-
priations for "Contingent Expenses" appearing throughout Senate
Bill 427 were intended by the Legislature to provide lump sum
appropriations for those expenditures of a department or divi-
sion of a department for which the Legislature did not deem it
necessary or expedient to make specific and separate itemized
appropriations. It follows, therefore, that the "contingent
expense" item of appropriation includes a provision for travel-
ing expenses in those instances where a specific item of appro-
priation is not provided for that purpose, unless the provision
above quoted denies the authority to use any funds for "travel-
ing expenses" except those specifically provided for that pur-
pose.

The prohibition, it will be noted, extends to the
expenditure of moneys "in excess of the amount itemized here-
in" for traveling expenses. An item of appropriation to pay
those expenses of a department or division of a department
for which specific provision has not otherwise been made, is,
of necessity, in those instances where traveling expenses are
not specifically provided, an itemization of money for travel-
ing expenses. The fact that the portion of such sum to be used
for "traveling expenses" is not identified and segregated from
the lump sum does not deprive the appropriation of the character
of an item of appropriation for the purpose, among others, of
defraying traveling expenses. That this is true is made appar-
ent when we observe that in many instances the Legislature has
expressly grouped "traveling expenses" with such purposes as
"General maintenance, traveling expenses, bond premiums, extra
help and other necessary expenses," (Adjutant General's appro-
priation), "Law Enforcement, Traveling and other expenses ..."

(Attorney General's appropriation), "Travel expense and all other contingent expense" (Appropriation for Building and Loan Division, Banking Department), appropriating only a lump sum for all such expenditures, so that the portion thereof to be used for "traveling expenses" is not identified and segregated from the total sum provided. In such instances it is clear that expenditures for "traveling expenses" may not exceed the lump sum itemized for all the grouped purposes; but it is impossible to allocate a definite sum out of the aggregate amount to the purpose of defraying "traveling expenses."

It will also be observed that the Legislature, in the rider to Senate Bill 427, has made a distinction between specific items of appropriation and general items. This distinction appears in the clause styled "Additional Employees' Compensation," which reads in part as follows:

"When any additional employees, other than those for which specific salary appropriations have herein been made, are employed and are to be paid out of contingent appropriations, ..."

In construing the provision above quoted relating to traveling expenses, it is significant, therefore, that the provision does not refer to the "amount of money specifically itemized herein" for traveling expenses.

The following represent our conclusions upon the reasoning expressed above:

1. Where a department or division of a department is provided with a specific item of appropriation for "traveling expenses," the amount thus provided represents the maximum which may be spent for that purpose by the department or division of a department, and such amount may not be supplemented from any source, save and except from Federal funds authorized by the Federal Government to be used for such purpose.

2. Where a department or division of a department is not provided specifically with an item for "traveling expense," but such department or division of a department is provided with an item of appropriation for "contingent expenses" or for traveling expenses grouped with other items of expense, the item for "contingent expense" or the item for traveling expense grouped with other items of expense may be used to defray the traveling expenses of the department or division of a department. In such event, the sum provided in the item for "contingent expense" or for traveling expense grouped with other items of expense represents the maximum amount available to the department or division of a department for traveling expenses, (except as to Federal funds authorized by the Federal Government to be spent for such purpose) and when such amount has been expended, whether for traveling expenses or for other expenses properly payable out of such item of appropriation, no other funds from any source (save Federal funds specifically authorized by the Federal Government to be used for such purpose) may be spent by the department or division of a department for traveling expenses.

3. Conclusions 1 and 2 do not apply to the "field travel expense of the State Highway Department" because the travel expense rider above quoted especially excepts this item from its operation. Nor do they apply to appropriations of the type of the Game, Fish and Oyster Commission, where

Hon. George H. Sheppard, Page 4.

the special riders appended to these appropriations, which control the general insofar as they conflict, permit the use of the appropriated surplus and excesses in particular items "to supplement the performance of any purpose for which money is herein appropriated" except salaries.

Conference Opinion No. 3082 is expressly modified, insofar as it may be susceptible of the construction that "contingent expense" items of appropriation may not be used to defray traveling expenses of a department or division of a department in those instances where no specific item has been provided the department or division of the department for traveling expenses.

Insofar as prior opinions of this Department, notably O-1139, O-1220, and O-1301, express the conclusion or are capable of being construed as holding that items appropriated for "contingent expense" may not be used to defray traveling expenses in those instances where a specific item is not provided for traveling expenses, they are expressly overruled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild

R. W. Fairchild
Assistant

RWF:pbp

This opinion has been considered in conference, approved, and ordered recorded.

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS